IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

    Plaintiff,   No. 2:08-cv-2715 JAM JFM

   vs.

NATOMA VALLEY RIDGE, LLC, etc.,
et al.,

    Defendants.   ORDER
_____/

        On June 15, 2009, defendants Jeremy A. Dunmore, Sidney D. Dunmore, GSJ Company, LLC, and Natoma Valley Ridge, LLC (hereafter "moving defendants"), filed a motion to set aside default pursuant to Fed. R. Civ. P. 55, noticed of hearing on July 16, 2009. Plaintiff has not filed a timely opposition. See Local Rule 78-230(c). Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        Counsel for moving defendants has submitted a declaration in which he states he did not receive a copy of the plaintiff's April 17, 2009 request for entry of default. Counsel

claims he deferred answering the original complaint because plaintiff had filed an unopposed motion to amend the complaint. Counsel states he agreed to accept service of process on behalf of these defendants and also accepted service of all writ documents in an effort to reduce costs of litigation. Counsel also provided a copy of a letter from counsel for plaintiff confirming that on January 9, 2009 plaintiff was aware that Mr. Gorski was counsel for the moving defendants.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown." An application under 55(c) to set aside a default is addressed to the sound discretion of the trial court. Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975). Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief. See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b). 10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694. In addition, the requirements are more liberally interpreted in motions to set aside the entry of default. Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c). Id.

Review of the request for entry of default and the accompanying declaration demonstrate that counsel for the above-named defendants was not served with the request for entry of default. (Docket Nos. 75 & 76.) Good cause appearing, the April 20, 2009 clerk's entry of default will be vacated and defendants will be directed to file an answer to the second amended complaint within ten days from the date of this order. In light of this order vacating the clerk's entry of judgment, plaintiff's May 21, 2009 motion for entry of default judgment will be denied without prejudice.

1       Counsel for moving defendants is cautioned, however, that he should be more
2 pro-active in the future.  Counsel states he was provided notice of the motion for default
3 judgment "on or about May 21, 2009," and filed the answer to the complaint the day before the
4 June 4, 2009 hearing on plaintiff's motion to enter default judgment.
5       First, a plaintiff may not move for default judgment unless and until a clerk's
6 entry of default has been entered.  Fed. R. Civ. P. 55(a) & (b).  So, when counsel for moving
7 defendants received the motion for default judgment, he should have known that clerk's entry of
8 default had already occurred.  Second, plaintiff's counsel and the court spent time and effort
9 preparing for the June 4, 2009 hearing.  This could easily have been avoided if moving
10 defendants' counsel either (a) reviewed the court's electronic docket to find out whether clerk's
11 default had been entered; or (b) called opposing counsel shortly after May 21, 2009 to let them
12 know he was prepared to file an answer and find out whether they would stipulate to vacate the
13 clerk's default and grant him a brief extension of time in which to file the answer.  Such actions
14 would have reduced litigation costs and kept judicial resources to a minimum.
15       IT IS HEREBY ORDERED that:
16       1.  The July 16, 2009 hearing before the undersigned is vacated.
17       2.  Defendants' June 15, 2009 motion to set aside the clerk's entry of default is
18 granted.
19       3.  The Clerk of the Court is directed to vacate the April 20, 2009 clerk's entry of
20 default.
21       4.  Within ten days from the date of this order, defendants Jeremy A. Dunmore,
22 Sidney D. Dunmore, GSJ Company, LLC, and Natoma Valley Ridge, LLC, shall file an answer
23 to the second amended complaint.
24 /////
25 /////
26 /////

5. Plaintiff's May 21, 2009 motion for entry of default judgment is denied without prejudice.

DATED: July 14, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; travelers.asd