IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
a Connecticut corporation,

      Plaintiff,

    v.

NATOMA VALLEY RIDGE, LLC, a
California limited liability company;
et al.,

      Defendants.

No. 2:08-cv-02715 JAM KJN

ORDER

---

Presently before the court is plaintiff's motion for monetary and non-monetary sanctions against defendant Thomas E. Martin pursuant to Federal Rule of Civil Procedure 37.[1] (Dkt. No. 159.) Plaintiff's motion was set to be heard by the undersigned on November 18, 2010.

On November 17, 2010, Mr. Martin filed a notice with the court reflecting that he had filed a "Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code"

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

that same day. (Dkt. No. 181.) That notice also asserts that relief was granted and that Mr. Martin's Chapter 11 bankruptcy case has been assigned "Case Number 2010-50343."[2] The notice further states: "Please take further notice that all further proceedings against the Debtor is [*sic*] stayed pursuant to the Automatic Stay of 11 U.S.C. 362(a)."

Despite receiving Mr. Martin's notice and amended notice of filing of a petition for bankruptcy protection, the undersigned held a hearing on November 18, 2010, to provisionally ascertain what legal and/or practical effect Mr. Martin's bankruptcy filing might have on the pending motion and this case more generally. Attorney Benjamin Patrick appeared on plaintiff's behalf. Attorney Eric Garner appeared on Mr. Martin's behalf and indicated at the hearing that he does not represent Mr. Martin in regards to the recently filed bankruptcy petition.

In light of the filing of Mr. Martin's petition for bankruptcy protection, which as a general matter effectuates an automatic stay of certain proceedings against him, the undersigned will drop plaintiff's motion from calendar, subject to the re-noticing of that motion at a later, appropriate date if so desired.[3] In the interim, however, and as discussed at the hearing, the undersigned will order that the parties meet and confer and file a joint status report on or before December 10, 2010, which shall provisionally advise the court about how the parties intend to proceed in light of the recent bankruptcy filing. Plaintiff has indicated that it intends to seek

---

[2] The notice does not identify the United States Bankruptcy Court in which Mr. Martin's petition is proceeding. However, the undersigned's independent research indicates that Mr. Martin filed his petition in the United States Bankruptcy Court for the Eastern District of California, and that matter proceeds under the case number 2:10-bk-50343.

On the morning of November 18, 2010, Mr. Martin filed an amended notice of the filing of his bankruptcy petition that does not materially differ from the notice filed on November 17, 2010. (Dkt. No. 183.) The amended notice indicates that it appends an "Exhibit A," but does not include such an exhibit. However, later in the day on November 18th, Mr. Martin filed a further amended notice that attaches Exhibit A, which is Mr. Martin's file-stamped petition for bankruptcy relief. (Dkt. No. 185.)

[3] At the hearing, plaintiff's counsel suggested that the undersigned could address plaintiff's request for monetary sanctions to the extent that such sanctions are sought against Mr. Martin's attorneys. The undersigned declines to resolve that request for sanctions at this time.

relief from the automatic stay and might file other motions that, in its view, might not be impacted by the automatic stay. Accordingly, the joint status report should address the parties' respective, preliminary views regarding what matters might still proceed before this court despite any automatic stay effectuated by Mr. Martin's bankruptcy filing. The parties may also advise the court whether, as a practical matter, the entire case should be stayed pending resolution of the bankruptcy proceed or the grant of relief from the stay, if any. Thereafter, the United States District Judge assigned to this matter may address the broader implications of the bankruptcy filing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (Dkt. No. 159) shall be held in abeyance in light of the automatic stay effectuated by defendant Thomas E. Martin's bankruptcy filing, and will dropped from this court's law and motion calendar. However, plaintiff may re-notice its motion at an appropriate time. If plaintiff re-notices its motion for sanctions, it need not re-file all of the supporting materials to the extent that those materials are not materially different.

2. The parties shall file a joint status report, as describe above, with the court on or before December 10, 2010.

IT IS SO ORDERED.

DATED: November 18, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE